IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE LEON SHEPHERD, JR., | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 25-6105-KSM |
| JUDGE RISA VETRI FERMAN, *et al.*, | |
| Defendants. | |

**MEMORANDUM**

**Marston, J.**                                                                                             **December 22, 2025**

Pro se Plaintiff Dwayne Leon Shepherd, Jr. filed this civil rights action based on his arrest and pending criminal prosecution in state court. (Doc. No. 1.) Currently before the Court are two motions to dismiss the Complaint. The first (Doc. No. 12) was filed by Clerk of Courts Lori Schreiber ("Clerk Schreiber") and Assistant District Attorney Robert B. George ("ADA George"). The second (Doc. No. 13) was filed by the Honorable Risa Vetri Ferman of the Montgomery County Court of Common Pleas ("Judge Ferman"). Plaintiff opposes these motions. (Doc. No. 16.) For the following reasons, the Court will grant both motions and dismiss the Complaint.

**I.      BACKGROUND**[1]

Public dockets reflect, and the Complaint alleges, that Shepherd was charged with simple assault and harassment in the Montgomery County Court of Common Pleas on July 11, 2024.

---

[1] In determining whether the Complaint states a claim, the Court considers Shepherd's allegations; exhibits attached to the Complaint; and matters of public record, including state court dockets. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *M & M Stone Co. v. Commonwealth*, 388 Fed. App'x 156, 162 (3d Cir. 2010).

*Commonwealth v. Shepherd Jr.*, No. CP-46-CR-0005066-2024 (Mont. Cnty. Ct. Com. Pl.); (*see also* Doc. No. 1). Shepherd's criminal case is assigned to Judge Ferman, and ADA George is the prosecutor. *Commonwealth v. Shepherd Jr.*, No. CP-46-CR-0005066-2024 (Mont. Cnty. Ct. Com. Pl.); (*see also* Doc. No. 1). Shepherd also alleges that Clerk Shreiber is "acting as Clerk of Court[s]" in the same criminal action. (Doc. No. 1 at ¶ 7.)

In the instant civil action, Shepherd challenges the constitutionality and legality of this state prosecution. (Doc. No. 1 at ¶¶ 1–2.) In support, he first alleges that "[t]here was never an indictment obtained or filed" in his case, which violates his "constitutionally protected due process rights." (*Id.* at ¶ 9.) He then details conclusory and limited allegations against each Defendant. Regarding Judge Ferman, Shepherd alleges that she (1) is "getting rich by investing in the bonds being taken out in defendant['s] name" and (2) has denied multiple motions he has filed.[2] (*Id.* at ¶¶ 10, 12, 16, 18.) Regarding ADA George, Shepherd merely alleges that ADA George, "admitted that he personally viewed a video without a search warrant."[3] (*Id.* at ¶ 18.) And finally, regarding Clerk Schreiber, he alleges she "used [Shepherd's] social security number without [his] consent which is identity theft and [is e]mbezzling [his] Estate . . . from bonds taken out in [his] name." (*Id.* at ¶¶ 19–20.)

Based on these allegations, Shepherd has sued Judge Ferman, ADA George, and Clerk Schreiber asserting (1) lack of jurisdiction to prosecute Shepherd because his criminal case was marked "closed"; (2) securities fraud, securities manipulation, and conspiracy claims under 12

---

[2] Specifically, Plaintiff alleges that Judge Ferman unlawfully denied his motions to dismiss, suppress, and compel discovery, and issued an order to attend a bond revocation hearing. (Doc. No. 1 at ¶¶ 12, 16, 18, 31.)

[3] Shepherd also alleges that ADA George "constructed the fraudulent implied trust with no value," but provides no additional information relating to this allegation. (Doc. No. 1 at ¶ 6.)

2

U.S.C. § 503;[4] and (3) violations of Shepherd's right to due process under the Fifth Amendment to the United States Constitution and 42 U.S.C. § 1983. (Doc. No. 1 at ¶¶ 24–33.) On those bases, he asks the Court to void the criminal charges against him and to issue a temporary restraining order and preliminary injunction enjoining his state prosecution. (*Id.* at 8.)

Defendants have moved to dismiss all the claims against them, with each asserting immunity from suit on different grounds. (*See generally* Doc. Nos. 12–13.) Judge Ferman argues she has judicial immunity. (Doc. No. 13 at 2.) Clerk Schreiber argues she has quasi-judicial immunity and is also immune under the Eleventh Amendment. (Doc. No. 12 at 10–13.) And ADA George argues he has prosecutorial immunity. (*Id.* at 13–14.) Each Defendant also moves to dismiss on the grounds of *Younger* abstention.[5] (Doc. No. 12 at 15–16; Doc. No. 13 at 8–10.)

## II.   LEGAL STANDARDS

Clerk Schreiber's assertion of Eleventh Amendment immunity is properly considered "a motion to dismiss the complaint for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1)." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Judge Ferman and Clerk Schreiber's assertions of judicial and quasi-judicial immunity, and ADA George's assertion of prosecutorial immunity, by contrast, "should be considered as []

---

[4] As noted in both Defendants' briefs, Shepherd's citation to 12 U.S.C. § 503 is inapposite as it only discusses the liability of directors and officers of banks, which is irrelevant to his claims here. (*See* Doc. No. 12 at 8; Doc. No. 13 at 11.) But because Shepherd is proceeding pro se, the Court construes these as claims for securities fraud under 15 U.S.C. § 78j. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."). Even so construed, the claims are barred on immunity grounds. *See infra* pp. 5–9.

[5] Defendants also have moved to dismiss on other grounds, namely the Anti-Injunction Act and failure to state a claim upon which relief can be granted. (*See generally* Doc. Nos. 12–13.) Because the Court grants Defendants' motions on immunity and *Younger* abstention grounds, we do not reach those additional arguments.

motion[s] to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Harr v. Buczak*, 2024 WL 4064139, at *7 (W.D. Pa. Sept. 5, 2024) (citing *Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989)).

    **A.**    **Rule 12(b)(1)**

"Rule 12(b)(1) governs jurisdictional challenges to a complaint." *Williams v. Litton Loan Servicing*, No. 16-cv-5301, 2018 WL 6600097, at *5 (D.N.J. Dec. 17, 2018). "In deciding a motion under Rule 12(b)(1), a court must first determine whether the movant presents a facial or factual attack, because that distinction determines how the pleadings are reviewed." *Orden v. Borough of Woodstown*, 181 F. Supp. 3d 237, 243 (D.N.J. Dec. 11, 2015); *see also Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3rd Cir. 2000) ("A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.").

A facial attack "contests the sufficiency of the complaint because of a defect on its face," and the court considers only the "allegations in the complaint, along with documents referenced therein, in the light most favorable to the nonmoving party." *Williams*, 2018 WL 6600097, at *5 (quotation marks omitted). Although Clerk Schreiber does not describe her attack as facial or factual, the Court construes her argument as a facial attack because she does not dispute the facts as alleged in the Complaint and attached exhibits. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("A factual attack requires a factual dispute, and there is none here."). "Thus, we consider whether Plaintiffs' allegations, attached documents, and referenced proceedings establish the necessary jurisdiction . . . ." *Myers v. Caliber Home Loans, Seterus, Inc.*, No. 19-cv-596, 2019 WL 4393377, at *3 (M.D. Pa. Sept. 13, 2019).

4

### B.  Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Conclusory allegations do not suffice.  *Id.*  However, because Shepherd is proceeding pro se, we liberally construe the allegations in his Complaint.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

## III.  DISCUSSION

As noted above, Shepherd brings claims against the Defendants for alleged constitutional due process violations under 42 U.S.C. § 1983 and for alleged securities violations. (Doc. No. 1 at ¶¶ 24–33.)  Shepherd further claims that his state prosecution was both unlawful from the start and rendered unlawful by Defendants' later conduct, and he asks this Court to void his state prosecution and issue an injunction.  (*Id.*)  But, as the Court finds that Defendants are all immune from suit and that *Younger* abstention applies, we will instead dismiss Shepherd's suit with prejudice.  The Court first addresses why Defendants are immune on Counts II & III of Shepherd's Complaint before turning to *Younger* abstention as it relates to Counts I & IV.

### A.  Immunity

Shepherd's constitutional and securities claims (Doc. No. 1, Counts II & III) are, at their core, challenges to the state criminal prosecution that is currently being brought against him in Montgomery County.  (*See generally* Doc. No. 1.)  Shepherd seeks this Court's intervention because he alleges "Defendants engaged in securities fraud [and] securities manipulation without

5

consent of plaintiff," "disregard[ed] jurisdictional objections," ordered him "to attend a bond revocation hearing[, and] deni[ed ] discovery." (*Id.* at ¶¶ 28, 31.) Specifically, Shepherd's securities claims are that "securities" and "bonds," through which Judge Ferman "is unjustly getting rich," were created by Clerk Schreiber and "constructed" by ADA George through the prosecution of his criminal case. (Doc. No. 1 at ¶¶ 6–7, 10.) But even taking his allegations as true, as the Court is required to do at this stage, Shepherd is merely alleging Defendants are all acting in their official capacities as judge, clerk, and prosecutor, respectively. As such, each is entitled to immunity. *See Thompson v. Fed. Bureau of Investigation*, No. 25-cv-1095, 2025 WL 834747, at *4–*5 (E.D. Pa. Mar. 17, 2025) (dismissing § 1983 claims against state court judges and prosecutors on judicial and prosecutorial immunity grounds).

*First*, Shepherd's claims against Judge Ferman are based on the judicial decisions she has made and actions she has taken while presiding over Shepherd's criminal case. (*See* Doc. No. 1 at ¶¶ 12, 16, 18, 31.) Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Shepherd claims that due to her position as the judge in his criminal case, Judge Ferman allegedly (1) has taken unjust actions relating to the Shepherd's bail bond and (2) denied multiple motions Shepherd has filed. (*See* Doc. No. 1.) As the presiding judge in Shepherd's

criminal case, Judge Ferman clearly had jurisdiction to make these acts, so all claims against Judge Ferman must be dismissed.[6]

***Second***, Shepherd's § 1983 claims against Clerk Schreiber fail for a lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and his securities claims fail under the doctrine of quasi-judicial immunity. The Eleventh Amendment's sovereign immunity clause bars suits seeking monetary damages against a state and its agencies in federal court, unless a state consents to the contrary. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. at 99–100; *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived its immunity. *See* 42 Pa. Cons. Stat. § 8521(b) (2014). "As the Clerk of Court[s], [Clerk Schreiber] has the protection of Eleventh Amendment immunity and quasi-judicial immunity in h[er] official capacity, and is not a 'person' for § 1983 purposes in that capacity." *Arndt v. Bortner*, No. 14-cv-1993, 2014 WL 5425423, at *2 (M.D. Pa. Oct. 22, 2014). Accordingly, Shepherd's § 1983 claims must be dismissed with prejudice.

Shepherd's securities claims also fail for similar reasons. "[Clerk Schreiber] is also entitled to absolute quasi-judicial immunity for her actions taken in her capacity as the Clerk." *Nemeth v. Off. of Clerk of Superior Ct. of N.J.*, 837 F. App'x 924, 928 (3d Cir. 2020); *see also Gallas*, 211 F.3d at 772–73 (providing absolute quasi-judicial immunity for court administrative personnel who are charged with carrying out facially valid court orders). Here, Shepherd only alleges that Clerk Schreiber took actions that relate to her official capacity as Clerk of Courts of Montgomery County, and thus his securities claims must also be dismissed.

---

[6] Moreover, public policy also favors dismissal of all claims against Judge Ferman. *See Waris v. Frick*, No. 06-cv-5189, 2007 WL 954108, *9 (E.D. Pa. Mar. 28, 2007) ("[T]he purposes of judicial immunity and the limitations of injunctive relief in 42 U.S.C. § 1983 would be ill-served if judges routinely were forced to defend against declaratory judgment actions like this one, where their immunity obviously shields them from liability for money damages.").

***Third***, Shepherd's claims against ADA George must be dismissed due to prosecutorial immunity. Prosecutors are entitled to absolute immunity from damages claims under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function."); *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Here, Shepherd only alleges that ADA George "personally viewed a video without a search warrant" and that he "constructed" a "trust with no value," which this Court interprets to mean the bond that Defendant had to put up in connection with his criminal case in Montgomery County. (Doc. No. 1 at ¶¶ 6, 18.) Both actions are associated with the judicial phase of the criminal process and thus Shepherd's claims against ADA George must all be dismissed.

\*   \*   \*

While Shepherd has responded to Defendants' motions, none of his arguments have merit. Instead of responding substantively to Defendants' arguments, the majority of Shepherd's response focuses on reiterating or reframing the same claims in his Complaint (*compare* Doc. No. 16, *with* Doc. No. 1) or asserting new facts that were not included in his Complaint (*see* Doc. No. 16 at 5 (discussing Committee on Uniform Securities Identification Procedures); *id.* at 7 (discussing Electronic Municipal Market Access)). Regarding Defendants' immunity arguments, Shepherd's response merely states that "there is no immunity where fraud is found." (Doc. No.

16 at 5 (cleaned up)).  But as discussed above, because Shepherd has alleged actions by the Defendants in their official capacities, his claims implicate immunities for the Defendants.  Thus, Counts II & III of Shepherd's complaint will be dismissed with prejudice.

### B. *Younger* Abstention

The other two counts, Counts I & IV, must also be dismissed.  In Count I, Shepherd alleges that his criminal case was marked "closed" and because of that "[a]ll subsequent orders . . . are void ab initio and confer no legal authority or obligations from the plaintiff."  (Doc. No. 1 at ¶ 26.)  In Count IV, Plaintiff seeks a temporary restraining order and preliminary injunction to enjoin his prosecution in the Court of Common Pleas.  (*Id.* at ¶¶ 32–33.)  Such requests of a federal court—that it intervene in a state court action—implicate the doctrine of abstention laid out in *Younger v. Harris*, 401 U.S. 37 (1971).  As such, the Court will also dismiss those counts.

In *Younger*, the Supreme Court recognized a "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances."  401 U.S. 37, 41 & n.2 (1971).  *Younger* abstention is an exception to the general rule that a "federal court's obligation to hear and decide a case is virtually unflagging."  *PDX N. Inc. v. Comm'r N.J. Dep't of Labor & Workforce Develop.*, 978 F.3d 871, 882 (3d Cir. 2020) (quoting *Spring Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).  The doctrine serves the "dual-purpose" of (1) promoting comity, and (2) restraining equity jurisdiction from operating "when state courts provide adequate legal remedies for constitutional claims and there is no risk of irreparable harm."  *PDX*, 978 F.3d at 882.  But overall, *Younger* abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 96 (3d Cir. 2011).

"Abstention under *Younger* is appropriate only if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). "Even if the necessary three predicates exist, however, Younger abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist." *Id.*

All three *Younger* predicates are satisfied here, and Shepherd has not shown that the two additional factors render abstention inappropriate. Regarding the three predicates: (1) Shepherd's underlying criminal proceeding is still pending in the Montgomery County Court of Common Pleas;[7] (2) the Commonwealth's enforcement of criminal laws and the administration of its judicial system are vital state interests; and (3) Shepherd's state criminal proceeding provides a forum for Shepherd to raise the constitutional, securities, and equitable issues brought in this current suit. This is the principal type of action from which the Supreme Court in *Younger* stated federal courts should abstain. *See Younger*, 401 U.S. at 43 ("[T]he basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution.") And Shepherd has failed to show that the state proceedings against him are being taken in bad faith or for purposes of harassment. "[A] prosecution or proceeding is conducted in bad faith for abstention purposes when it is brought without hope of success." *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 630 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). But here, Shepherd's Complaint only details alleged misconduct by officers of the

---

[7] While Shepherd's Complaint characterizes, and takes issue with, his Montgomery County case being marked as closed, this Court's review of the underlying docket confirms that it is in fact not closed and is still active. (See Doc. No. 12-3 at 2–3.) The case appears to have been marked inactive while Shepherd appealed one of Judge Ferman's orders in July 2025. (*See id.* at 11–12; Doc. No. 12-4.)

court and procedural issues with the prosecution. It makes no argument that the underlying criminal prosecution has no merit or hope of success. Put another way, "the claim requires more than the frenzied brandishing of a cardboard sword." *Id.* at 631 (quotation marks omitted). Thus, the Court does not find this to be an exceptional circumstance worthy of federal court intervention. *See Kane v. City of Philadelphia*, 517 Fed. App'x 104, 107 (2013) (finding that very few situations will be considered "extraordinary"). Counts I & IV of Shepherd's Complaint will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions to dismiss. Shepherd will not be given leave to amend these claims because the Court concludes that amendment would be futile. *See Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (affirming District Court order declining leave to amend due to inability "to overcome judicial immunity"); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (same).[8] An appropriate Order follows.

---

[8] The Court also notes that Shepherd's § 1983 claims, if plausibly alleged and not barred by the doctrines discussed above, may also be barred by the principle set forth in *Heck v. Humphrey*, i.e., that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994) (footnote and citation omitted).

To the extent Shepherd takes issue with the current criminal prosecution of him by the Commonwealth of Pennsylvania, the Court advises him that his criminal case is the proper forum to challenge the validity of the criminal charges asserted against him and it provides him an opportunity to present any defenses. This Court expresses no opinion on the merits of those arguments in this Memorandum.